UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| v. ) | Case No. 7:18-CR-00025-EKD |
| ) | |
| JERRY R. HARPER, JR., ) | |
| ) | |
| Defendant-Petitioner. ) | |

**REPLY TO THE UNITED STATES' RESPONSE IN OPPOSITION TO MOTION UNDER 28 U.S.C. § 2255**

Jerry R. Harper, Jr. ("Harper"), by and through the undersigned counsel, respectfully submits this Reply to the United States' Response to Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. In support thereof, Harper offers the following:

### I. BACKGROUND

On December 2, 2019, Harper filed a timely Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Docket Entry "DE" 45). Harper raised one ground for § 2255 relief–counsel's ineffectiveness resulted in Harper losing a more favorable plea agreement, resulting in a harsher sentence. (DE 45-1 at 11-17).

On December 3, 2019, the Court entered an Order directing the Government to respond to Harper's § 2255 motion. (DE 47). On January 10, 2020, the Government sought a 60-day extension of time to respond. (DE 48). The Government's motion was granted on January 13, 2020. On February 3,

2020, the Government moved for Order from the Court finding that Harper has waived attorney-client privilege with respect to the claim raised in ground one of his § 2255 motion. (DE 50). In its motion, the Government noted that:

> The United States contends that because this Claim appears to create issues of fact, it cannot fully respond to the Claim without obtaining confidential information and/or documents about the facts of the Claim from Joel. B. Miller [Harper's former trial counsel].

(DE 50 at 1). The Court granted the Government's motion on March 2, 2020. (DE 51).

The Government filed its Response in Opposition April 1, 2020. (DE 53). In its Response, the Government claims that Harper has failed to establish Mr. Miller's representation was deficient (DE 53 at 9), and that Harper cannot demonstrate prejudice (DE 53 at 12).

For the reasons that follow, the Court should schedule this matter for an evidentiary hearing and grant Harper § 2255 relief.

## II. REPLY ARGUMENT

As a threshold matter, the Government indicated in its motion for attorney-client waiver that Harper's § 2255 claim for relief "appears to create issues of fact" and the Government "cannot fully respond to the Claim without obtaining confidential information and/or documents about the facts of the Claim from Joel B. Miller." (DE 50). Although the Court granted the Government's motion, the Government did not include with its Response any declaration or affidavit from Mr. Miller.

2

This "issue of fact" can only be resolved through an evidentiary hearing, as the Government has noted that it cannot fully respond without obtaining information from trial counsel. As such, the Court should schedule this matter for an evidentiary hearing to further explore Harper's claim of ineffective assistance of counsel.

Additionally, the Government now finds itself in the awkward position of arguing against its previous accounting of facts submitted in its sentencing memorandum. Ironically, the Government claims that "nothing in the record, and nothing in his submission papers, suggest that [Harper's] counsel was to blame." (DE 53 at 11). But the Government's sentencing memorandum does just that. By the Government's own words Harper "appeared to not be familiar with pertinent terms of the plea agreement, including the restitution amount[.]" (DE 30 at 3). Clearly, Harper cannot be blamed for not being familiar with the terms of the original plea agreement when it is the attorney's constitutional obligation to ensure that a defendant is familiar with and understands the terms of a written plea.

Instead, the Government now claims that Harper "effectively rejected the Government's pre-indictment plea offer by failing to allocute[.]" (DE 53 at 11). But knowing full and well that Harper was not familiar with the terms of the plea agreement, including restitution, such a plea would have not been knowing nor voluntary.

The Government next asserts that the prosecution clearly stated on the record on May 4 and May 16, 2018 proceedings that if Harper did not accept the pre-indictment plea, the Government would seek an indictment. (DE 53 at 11). But Harper's claim revolves around the advice that Mr. Miller rendered (DE 45-1 at 12-13), something the Government does not speak to. Nor can it without a declaration from defense counsel or an evidentiary hearing.

As to Harper's representation regarding defense counsel's *Tweel* argument, the Government once again does an about face from its sentencing memorandum. In its memo, the Government clearly states:

> During the hearing, defense counsel requested a continuance to investigate the circumstances surrounding the filing of the tax lien in the name of the Defendant's business in January 2015. The government objected and explained why the investigation did not [r]un afoul of *United States v. Tweel*, 550 F.2d 297 (5th Cir. 1997). The Court granted the Defendant's continuance request, and set the matter for trial on June 28, 2018 on the one-count information. The government represented to the Court that it intended to seek an indictment from the grand jury before then. *In a letter dated May 7, 2018, the government explained to defense counsel why the early 2015 lien did not implicate a Tweel issue…. The government informed defense counsel that it intended to indict the Defendant on May 24, 2018.*

(DE 30 at 4) (emphasis added). The second plea hearing was continued for an issue that was ultimately dropped. While the Government attempts to paint this as merely proper attorney investigation (DE 53 at 12), it was too little too late. Counsel's "investigation" into the *Tweel* argument after two continued plea hearings only resulted in Harper missing his opportunity to plead to a more favorable plea agreement and nothing more.

Finally, the Government claims that Harper is unable to demonstrate prejudice regardless of whether Mr. Miller's representation was deficient. (DE 53 at 12). Despite acknowledging that the pre-indictment plea agreement was far more favorable to Harper, the Government maintains that Harper "cannot show a reasonable probability that the Court would have sentenced him to a shorter prison term." (DE 53 at 15). Ignoring the fact that the pre-indictment plea agreement would have resulted in a Guideline range of 37 to 46 months, and the Government would have been bound to a recommendation of 37 months, Supreme Court precedent on this matter is clear.

> In the ordinary case the Guidelines accomplish their purpose. They serve as the starting point for the district court's discretion in selecting an appropriate sentence. It follows, then, that in most cases the Guidelines range will affect the sentence. When that is so, a defendant sentenced under an incorrect Guideline range should be able to rely on that fact to show a reasonable probability that the district court would have imposed a different sentence under the correct range.

*Molina-Martinez v. United States*, 136 S.Ct. 1338, 1349 (2016).

Although *Molina-Martinez* references being sentenced under an incorrect Guideline range, the same holds true for a case where the defendant received a higher Guideline range due to ineffective assistance of counsel. There is no question that Harper's Guideline range would have been lower under the pre-indictment plea agreement. That alone is enough to establish a reasonable probability that Harper's sentence would have been different.

Counsel's failure to advise Harper of the terms of the pre-indictment plea agreement, ultimately leading to abandonment of the first plea hearing, is sufficient enough to warrant § 2255 relief. Nonetheless, Harper's issue is further compounded by the fact that Harper was not advised by defense counsel that the pre-indictment plea offer would expire after continuation of the second abandoned plea hearing. Given that the pre-indictment plea contained more favorable terms, and Harper's Guideline range would have been lower under those terms, it is clear that Harper has satisfied both prongs of the test established by *Strickland v. Washington*, 466 U.S. 668 (1984).

### III. CONCLUSION

Harper is entitled to § 2255 relief based on ineffective assistance of counsel. Accordingly, the Court should vacate Harper's plea and sentence and instruct the Government to reoffer the pre-indictment plea agreement.

Respectfully submitted,

/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel Pro Hac Vice*

/s/ Robert F. Rider
Robert F. Rider
Robert F. Rider, PLC
133 Salem Avenue, Suite 100
Roanoke, VA 24011
Tel: 540-767-1717
Fax: 540-767-1718
Bob@riderlawoffice.com

*Local Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served on all counsel of record via the Court's CM/ECF system this 21st day of April 2020.

/s/ Jeremy Gordon