IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Criminal Action No. 7:18-cr-00025 |
| JERRY R. HARPER, JR., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

In 2018, Jerry Harper pled guilty to two counts of failing to account for and pay over payroll taxes. Now before the court is Harper's pro se motion to reduce sentence to home confinement or for compassionate release due to the threat of the COVID-19 virus, along with additional evidence that he submitted. (Dkt. Nos. 54, 58.)[1] The court held a telephonic hearing on Harper's motion on April 27, 2020. At the hearing, and despite its brief arguing a failure to exhaust administrative remedies, the government acknowledged that Harper has now exhausted his remedies and did not oppose Harper's request for compassionate release. For the reasons stated below, Harper's motion will be granted.

I. BACKGROUND

Harper was a licensed pharmacist who owned and operated five pharmacies in the Western District of Virginia. From about 2000 through 2014, Harper spent money generated by the pharmacy business on personal expenses while failing to pay to the Internal Revenue Service payroll tax he withheld from his employees' checks. Harper was indicted and charged with eleven counts of failure to pay payroll withholding taxes. After pleading guilty to two of the

---

[1] Also pending is Harper's motion to vacate his sentence under 28 U.S.C. § 2255. Harper is represented by counsel for purposes of his § 2255 motion but not the motion for emergency release. The court will only address the motion to reduce sentence in this opinion.

eleven counts, Harper was sentenced to 41 months on each count (concurrent) and a two-year (concurrent) term of supervised release. The court also ordered Harper to pay over five million dollars in restitution and imposed a $25,000 fine. Harper has paid the restitution amount in full. (Dkt. No. 33.)

Harper is currently housed at the Butner Correctional Facility in Butner, North Carolina. His projected release date is November 22, 2021. Harper seeks release due to a combination of his age (62), his underlying medical conditions (including left ventricular hypertrophy, chronic obstructive pulmonary disease (COPD), asthma, hypertension, emphysema, and sleep apnea), and the threat presented by COVID-19.

## II.  ANALYSIS

**A.  Compassionate Release**

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction….

In addition to satisfying the above, the reduction must also be "consistent with applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The Sentencing

2

Commission's policy statement on compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy provides, in pertinent part, that under § 3582(c)(1)(A), the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines that:

> (1)(A) Extraordinary and compelling reasons warrant the reduction; and …
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the application notes, the Policy recognizes extraordinary and compelling reasons with regard to medical conditions (terminal illnesses, serious conditions that diminish self-care abilities, age with deterioration and significant time served, family circumstances, and other extraordinary and compelling reasons other than, or in combination with, the above preceding reasons. U.S.S.G. § 1B1.13 n.1.

A defendant seeking relief under § 3582(c)(1)(A) has "the burden of establishing that compassionate release is warranted." *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 n.3.

**B. Exhaustion**

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. Harper submitted a request for compassionate release to the warden at Butner on March 25,

2020. (Dkt. No. 58 at 7.)² Thirty days have passed since that request was submitted with no response regarding his request for compassionate release. § 3582(c)(1)(A) (providing that the court may consider a defendant's motion after the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). Therefore, the court finds that Harper has exhausted his administrative remedies, and the United States agrees.

## C. Extraordinary and Compelling Reasons

In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility. *See United States v. Feiling*, Criminal No. 3:19cr112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020); *United States v. Dungee*, Case No. 7:15CR00005, 2020 WL 1666470, at *2 (W.D. Va. Apr. 4, 2020). As of April 27, 2020, there are sixty confirmed COVID-19 inmate infections, nine infections among the staff, and five inmate deaths at the Butner medium security facility.³ Moreover, Harper's medical conditions, particularly his heart condition, COPD, emphysema, and asthma, show a "particularized susceptibility" to COVID-19. *Feiling*, 2020 WL 1821457, at *7. These factors combined with Harper's age constitute extraordinary and compelling reasons for compassionate release. *See United States v. Edwards*, Case No.

---

² Shortly before the hearing, the court received an email from Mr. Harper with an attachment. The attachment was an email to Harper dated April 21, 2020, which stated that Harper is not eligible for priority consideration for release to home confinement under the Attorney General's memorandum because he had only served 38.7% of his sentence. This email is consistent with the United States' update to the court regarding Harper's status. The email did not address Harper's request for compassionate release.

³ According to the United States, this is the fourth largest number of infections among federal prisons in the country and the numbers at Butner doubled over the past weekend.

6:17-cr-00003, 2020 WL 1650406, at *5 (W.D. Va. Apr. 2, 2020) (finding that an immunocompromised inmate housed at a facility with confirmed COVID-19 cases had shown compelling reasons for release). Additionally, because of the above, he has shown "other reasons," in combination with his underlying medical conditions, so his release is consistent with the Policy of the Sentencing Commission.

Further, Harper was sentenced for non-violent crimes and has no prior criminal history, violent or otherwise. Therefore, the court finds that Harper is not a danger to the community. *See* 18 U.S.C. § 3142(g). The statutory factors set forth in 18 U.S.C. § 3553(a) also weigh in favor of compassionate release. While the nature and circumstances of his offense are serious, he had no criminal history, has served time, paid all of the restitution ordered, been a model prisoner while incarcerated, and continued his history of generosity by donating books and serving as a tutor. He has been punished, and, given the circumstances, the court finds that the time already served, the upcoming term of supervised release, and the paid restitution to account for the government's loss in tax revenue reflect the seriousness of the offense, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2).

Harper has a plan to live in North Carolina at the home of his fiancée where he can, and has agreed to, self-isolate for at least fourteen (14) days. Additionally, if North Carolina will not accept him for supervision, he can live in another home in Virginia.

For these reasons, the court will grant Harper's motion for compassionate release, will modify the imposed term of imprisonment to time served, will order his immediate release without quarantine at Butner, and will require him, as he agreed, to self-quarantine in the home in North Carolina for at least fourteen (14) days. Harper remains on supervised release for two

years, as to each count, to run concurrently with the same mandatory, standard, and special conditions of supervised release that were imposed when he was originally sentenced.

### III.  CONCLUSION

Harper's motion for compassionate release (Dkt. No. 54) will be GRANTED, and an appropriate order will be entered this day.

Entered: April 28, 2020.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge